## MEMORANDUM OF POINTS AND AUTHORITIES

I. FACTUAL BACKGROUND

Defendant Bill Scholz ("Scholz") is an individual employed by Quality Support Services, LLC, a California limited liability company ("QSS"). Scholz is a Risk Manager for QSS. Defendant Scholz has never done business as Clear Debt Solution nor has he been employed with, an agent of, or a principal of Clear Debt Solution.

QSS has a contract with Clear Debt Solution to provide account administration, back-end support, and negotiation services to clients of Clear Debt Solution.

Plaintiff Scott Amour ("Amour") contracted with Clear Debt Solution to provide debt settlement services. A true and correct copy of the contract is attached hereto as Exhibit "A."

On or about August 28, 2009, Plaintiff Amour filed the complaint herein against Defendant Scholz, as "doing business as Clear Debt Solution." Plaintiff mailed said complaint to the agent for service of process for Clear Debt Solution. Thereafter, the complaint herein was sent to the corporate offices for Clear Debt Solution. No complaint was served at the office of Clear Debt Solution. On or about September 15, 2009, Clear Debt Solution forwarded the complaint to QSS.

Upon receipt of the complaint, Defendant Scholz contacted John A. Vos, counsel of record for Plaintiff, in an effort to determine the nature of the dispute and to attempt to resolve the matter. Scholz had at least two (2) telephone conversations with Mr. Vos in late September and early October of 2009. However, after an exchange of information and settlement proposals, Scholz was not able to resolve the dispute. At no time during Scholz conversations with Mr. Vos, did Mr. Vos indicate that he was filing a request for entry of default. When Defendant Scholz received the notification of entry of default, he forwarded the matter to Defendant's counsel of record.

After reviewing the file, Defense counsel, William R. Mitchell, sent a letter to Mr. Vos on or about November 10, 2009, to request a stipulation to set aside the default and to discuss the potential for a settlement of this matter. On or about November 20, 2009, Mr. Mitchell spoke to Mr. Vos about this case and again requested a stipulation to set aside the entry of default. However, Mr. Vos did not agree to a stipulation.

On or about November 23, 2009, Mr. Mitchell received a follow-up letter from Mr. Vos,

which outlined a settlement proposal but did not indicate whether Plaintiff would stipulate to set aside the default. Thereafter, Mr. Mitchell called Mr. Vos and left a message again raising the issue of the stipulation. Mr. Vos did not respond to such message.

In a last attempt to secure a stipulation setting aside the default, Mr. Mitchell sent another letter to Mr. Vos on or about December 6, 2009. Despite multiple effort to obtain a stipulation to set aside the default against Defendant Scholz, Plaintiff's counsel has not affirmatively agreed to such a stipulation. As a result, Defendant Scholz brings this motion to set aside entry of default and requests the opportunity to respond to the complaint and to defend the allegations contained therein.

## II. THIS COURT HAS THE POWER TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT UNDER FEDERAL RULES OF CIVIL PROCEDURE RULES 55(c)

Generally, federal courts have the power to set aside entry of default for good cause as provided for under Federal Rules of Civil Procedure Rule 55(c). According to the Ninth Circuit Court of Appeals, "good cause" gives the courts discretion to set aside entry of default based on the following three (3) factors: (1) whether the defendant has a meritorious defense, (2) whether the default was entered due to the defendant's culpable conduct; and (3) whether the plaintiff will be prejudiced if the motion is granted. See Pena v. Seguros la Comercial, S.A. (9th Cir. 1985) 770 F.2d 811, 815; Falk v. Allen (9th Cir. 1984) 739 F.2d 461, 463.

## III. ARGUMENT

### A. **Defendant is Entitled to Relief for Good Cause Under FRCP 55 (c) Because Defendant was Never Properly Served.**

Defendant Scholz has good cause for relief from the clerk's Entry of Default because the court did not have personal jurisdiction over him. As a general rule of law, all courts must first have personal jurisdiction over the parties. A default is considered void as a matter of law, if the court lacks personal jurisdiction over the defendant due to improper service of summons. See Mason v. Genisco Tech. Corp. (9th Cir. 1992) 960 F.2d 849, 851-52.

Under the Federal Rules of Civil Procedure Rule 4(e), a plaintiff must serve a copy of the summons and complaint on the individual defendant by: (1) personally delivering each to the defendant, (2) leaving a copy of each at the defendant's dwelling house with an adult who resides

---

DEFENDANTS NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

4

there, or (3) delivering a copy of each to the defendant's authorized agent for service of process. Neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without "substantial compliance with Rule 4." Jackson v. Hayakawa (9th Cir. 1982) 682 F.2d 1344, 1347. In adversarial proceedings initiated in U.S. Bankruptcy Courts, the plaintiff may also serve a copy of the summons and complaint by mailing each to the individual defendant's dwelling or to the place where the defendant regularly conducts a business or profession. Federal Rules of Bankruptcy Procedure Rule 7004(b)(1).

Here, Plaintiff failed to personally serve Defendant Scholz as an individual. Scholz never received a copy of the summons or complaint either personally from a process server, or by delivery at his dwelling house. The Defendant Scholz only received a copy of the summons and complaint when it was forwarded to him through his employer QSS. "Serving an entity…will not automatically confer personal jurisdiction over individual defendants in any capacity." Jackson v. Hayakawa, 682 F.2d at 1347. Because Plaintiff never personally served Scholz, Plaintiff did not effectuate service of process as provided under FRCP 4(e).

Instead of personally serving Defendant, Plaintiff named Scholz as "doing business as Clear Debt Solutions" and thereafter mailed the summons & complaint to Clear Debt Solution. Clear Debt Solution is neither a party to the case, nor Defendant's employer or regular place of business. Defendant is a Risk Manager for QSS, and he has never done business as Clear Debt Solution, or been employed with, an agent for, or a principal of Clear Debt Solution. Because the office of Clear Debt Solution is not Defendant Scholz dwelling or the place where Defendant regularly conducts business, service by mail on Clear Debt Solution did not effectuate personal service on Defendant Scholz under Federal Rules of Bankruptcy Procedure Rule 7004(b)(1). Thus, Plaintiff Amour did not properly serve Defendant pursuant to FRCP 4(e) or FRBP 7004(b)(1).

Because Defendant Scholz was never properly served, the court lacked personal jurisdiction over Defendant, and thus Defendant Scholz has good cause for relief from the clerk's entry of default. Accordingly, in the interest of justice Defendant Scholz respectfully requests this Court set aside the entry of default pursuant to FRCP 55 (c) and grant him leave to respond to Plaintiff's Complaint.

B. **Defendant Has Good Cause for Relief under Rule 55 (c) Because (1) Defendant Has a Meritorious Defense to Plaintiff's Alleged Causes of Action, (2) No Culpable Conduct Led to the Default, and (3) Plaintiff Will Not Suffer Prejudice If Default is Set Aside.**

District courts have the discretion to set aside entry of default under FRCP 55 (c). In exercising such discretion, the court must consider the following three (3) factors: (1) whether the defendant has a meritorious defense, (2) whether the default was entered due to the defendant's culpable conduct; and (3) whether the plaintiff will be prejudiced if the motion is granted. See Pena v. Seguros la Comercial, S.A. (9th Cir. 1985) 770 F.2d 811, 815; Falk v. Allen (9th Cir. 1984) 739 F.2d 461, 463.

1. **Defendant Has a Meritorious Defense.**

A defendant has a meritorious defense if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust Funds v. Stone (9th Cir. 1986) 794 F.2d 508, 513.

As demonstrated in Defendant Scholz's proposed Answer to the complaint, Defendant has a meritorious defense to Plaintiff's complaint. Plaintiff is a client of Clear Debt Solution, and he does not have any claim against Defendant Scholz as an individual. Additionally, as previously discussed, Scholz is and never has been an employee, agent, or principal of Clear Debt Solution. Thus, any claim Plaintiff may have with regards to his debt relief program cannot be brought against Defendant herein. Accordingly, Defendant clearly has a meritorious defense to the causes of action alleged in Plaintiff's complaint. In the interest of justice, Defendant requests this court set aside the entry of default and grant him leave to respond to the complaint.

2. **Defendant's Failure to Respond is *Not* Culpable Conduct.**

A defendant's failure to timely file a responsive pleading only amounts to "culpable conduct" when his failure is "willful, deliberate or evidence of bad faith." TCI Group Life Ins. Plan v. Knoebber (9th Cir. 2001) 244 F.3d 691, 697 (quoting American Alliance Inc. Co. v. Eagle Ins. Co. (2nd Cir. 1996) 92 F.3d 57, 61). If the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or

otherwise manipulate the legal process, then the defendant's neglectful failure to answer is not intentional under default cases and is therefore not culpable. Id. at 697-98.

Here, Defendant Scholz did not deliberately avoid filing a responsive pleading. Once Defendant received the complaint, Defendant Scholz contacted Plaintiff's counsel in good faith and tried to negotiate a settlement. Defendant had no intention of manipulating the legal process or of taking advantage of Plaintiff during these negotiations, but genuinely wanted to resolve the matter. Furthermore, Defendant had no knowledge of the prospect of an entry of default, as he is unfamiliar with court procedural rules and Plaintiff's counsel never told Defendant that he was in default. Defendant was ignorant to the consequences of his delay in responding to the complaint, and thus, he did not act with ill intent by attempting to negotiate a settlement. Because Defendant Scholz did not deliberately take steps to avoid filing a responsive pleading and because his attempts at negotiating a settlement provide a good faith explanation of his neglect, Defendant's conduct herein was *not* culpable.

### 3. Plaintiff Will Not Be Prejudiced If the Default is Set Aside.

A plaintiff suffers prejudice if the plaintiff's ability to pursue his claim is hindered when the default is set aside. Falk v. Allen (9th Cir. 1984) 739 F.2d 461, 463.

Assuming for argument that the court grants Defendant's motion to set aside the entry of default, Plaintiff will retain his right to pursue the causes of action asserted in his complaint against Defendant Scholz, and Plaintiff will have his day in court. Setting aside the entry of default would merely allow Defendant Scholz the opportunity to defend himself and thereafter have the case decided on the merits of the claims and defenses. The only harm to Plaintiff is a short delay in the resolution of the case, and such a delay does not rise to the level of prejudice. Because setting aside the default will not hinder Plaintiff's ability to pursue his claims against the Defendant herein, the court has the power to set aside the clerk's entry of default.

///
///
///
///

---

**DEFENDANTS NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

7

## IV. CONCLUSION

For the reasons as stated above and in the interest of justice, Defendant Scholz respectfully requests this Court vacate and set aside the Entry of Default dated October 15, 2009.

DATED: January 26, 2010					LOGAN RETOSKE, LLP

							By: /s/ William R. Mitchell
							William R. Mitchell
							Attorneys for Defendant
							BILL SCHOLZ