William R. Mitchell [SBN: 101858]
LOGAN RETOSKE, LLP
31351 Rancho Viejo Road, Suite 202
San Juan Capistrano, California 92675
Telephone: (949) 489-1251
Facsimile: (949) 489-1257
Email: bill@loganretoske.com

Steven M. Olson [SBN: 146120]
100 E Street, Suite 214
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: smo@smolsonlaw.com

Attorneys for Defendant
BILL SCHOLZ dba CLEAR DEBT SOLUTIONS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>    SCOTT AMOUR,<br><br>                   Debtor. | Bankruptcy Case No.: 09-11633<br><br>Adversary Proceeding No.: 09-1102<br><br>Presiding Judge: Hon. Judge Jaroslovsky |
| SCOTT AMOUR,<br><br>         Plaintiff;<br><br>   vs.<br><br>BILL SCHOLZ, DBA CLEAR DEBT SOLUTIONS,<br><br>        Defendant. | **DEFENDANT BILL SCHOLZ'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATION OF THE DEBT RELIEF AGENCY PROVISIONS OF THE BANKRUPTCY CODE, AND VIOLATION OF CALIFORNIA CONSUMER FRAUD ACTS**<br><br>Complaint Filed: August 29, 2009 |

Defendant BILL SCHOLZ, doing business as CLEAR DEBT SOLUTIONS (hereinafter "Clear Debt") hereby answers Plaintiff SCOTT AMOUR's (hereinafter the "Plaintiff") unverified Complaint (the "Complaint") and herein, admits, alleges, or denies as follows:

1. Answering paragraph 1 thereof, this answering defendant denies said allegations.

2. Answering paragraph 2 thereof, this answering defendant admits Bill Scholtz resides in California. Except as admitted herein, defendant denies remainder of allegation.

3. Answering paragraph 3 thereof, this answering defendant denies the allegations contained therein.

4. Answering paragraph 4 thereof, this answering defendant denies the allegations contained therein.

5. Answering paragraph 5 thereof, this answering defendant consents to the bankruptcy court's exercise of full jurisdiction over this adversary proceeding.

6. Answering paragraph 6 thereof, this answering defendant consents to the bankruptcy court's exercise of full jurisdiction over this adversary proceeding.

7. Answering paragraph 7 thereof, this answering defendant consents to the bankruptcy court's exercise of full jurisdiction over this adversary proceeding.

8. Answering paragraph 8 thereof, this answering defendant consents to the bankruptcy court's exercise of full jurisdiction over this adversary proceeding.

9. Answering paragraph 9 thereof, this answering defendant denies the allegations contained therein.

10. Answering paragraph 10 thereof, this answering defendant admits the allegations contained therein.

11. Answering paragraph 11 thereof, this answering defendant denies the allegations contained therein.

12. Answering paragraph 12 thereof, this answering defendant denies the allegations contained therein.

13. Answering paragraph 13 thereof, this answering defendant denies the allegations contained therein.

14. Answering paragraph 14 thereof, this answering defendant denies the allegations contained therein.

15. Answering paragraph 15 thereof, this answering defendant denies the allegations contained therein.

16. Answering paragraph 16 thereof, this answering defendant denies the allegations contained therein.

17. Answering paragraph 17 thereof, this answering defendant denies the allegations contained therein.

18. Answering paragraph 18 thereof, this answering defendant denies the allegations contained therein.

19. Answering paragraph 19 thereof, this answering defendant denies the allegations contained therein.

20. Answering paragraph 20 thereof, this answering defendant denies the allegations contained therein.

21. Answering paragraph 21 thereof, this answering defendant denies the allegations contained therein.

22. Answering paragraph 22 thereof, this answering defendant denies the allegations contained therein.

23. Answering paragraph 23 thereof, this answering defendant denies the allegations contained therein.

24. Answering paragraph 24 thereof, this answering defendant denies the allegations contained therein.

25. Answering paragraph 25 thereof, this answering defendant denies the allegations contained therein.

26. Answering paragraph 26 thereof, this answering defendant lacks sufficient information to either admit or deny the truth of the allegations therein contained and, for that reason, denies said allegations.

27. Answering paragraph 27 thereof, this answering defendant admits the allegation.

**DEFENDANT BILL SCHOLZ'S ANSWER TO PLAINTIFF'S COMPLAINT**

3

Case: 09-01102    Doc# 15    Filed: 04/26/10    Entered: 04/26/10 13:54:43    Page 3 of 8

28. Answering paragraph 28 thereof, this answering defendant denies the allegations contained therein.

29. Answering paragraph 29 thereof, this answering defendant denies the allegations contained therein.

30. Answering paragraph 30 thereof, this answering defendant denies the allegations contained therein.

31. Answering paragraph 31 thereof, this answering defendant denies the allegations contained therein.

32. Answering paragraph 32 thereof, this answering defendant denies the allegations contained therein.

33. Answering paragraph 33 thereof, this answering defendant denies the allegations contained therein.

34. Answering paragraph 34 thereof, this answering defendant denies the allegations contained therein.

35. Answering paragraph 35 thereof, this answering defendant denies the allegations contained therein.

36. Answering paragraph 36 thereof, this answering defendant denies the allegations contained therein.

37. Answering paragraph 37 thereof, this answering defendant denies the allegations contained therein.

38. Answering paragraph 38 thereof, this answering defendant incorporates his responses to the prior allegations in the complaint.

39. Answering paragraph 39 thereof, this answering defendant admits plaintiff is an individual and denies defendant is debt collector. Except as admitted herein, defendant denies remainder of allegation.

40. Answering paragraph 40 thereof, this answering defendant denies the allegations contained therein.

41. Answering paragraph 41 thereof, this answering defendant denies the allegations contained therein.

42. Answering paragraph 42 thereof, this answering defendant denies the allegations contained therein.

43. Answering paragraph 43 thereof, this answering defendant denies the allegations contained therein.

44. Answering paragraph 44 thereof, this answering defendant denies the allegations contained therein.

45. Answering paragraph 45 thereof, this answering defendant incorporates his responses to the prior allegations in the complaint.

46. Answering paragraph 46 thereof, this answering defendant admits the allegation.

47. Answering paragraph 47 thereof, this answering defendant denies the allegations contained therein.

48. Answering paragraph 48 thereof, this answering defendant denies the allegations contained therein.

49. Answering paragraph 49 thereof, this answering defendant denies the allegations contained therein.

50. Answering paragraph 50 thereof, this answering defendant denies the allegations contained therein.

51. Answering paragraph 51 thereof, this answering defendant incorporates his responses to the prior allegations in the complaint.

52. Answering paragraph 52 thereof, this answering defendant admits the allegation.

53. Answering paragraph 53 thereof, this answering defendant denies the allegations contained therein.

54. Answering paragraph 54 thereof, this answering defendant denies the allegations contained therein.

55. Answering paragraph 55 thereof, this answering defendant denies the allegations contained therein.

56. Answering paragraph 56 thereof, this answering defendant denies the allegations contained therein.

57. Answering paragraph 57 thereof, this answering defendant denies the allegations contained therein.

58. Answering paragraph 58 thereof, this answering defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### First Defense:  Failure to State a Claim

1. Defendant alleges that said Complaint and each cause of action therein fails to state a claim against Defendant upon which relief can be granted.

### Second Defense:  Waiver

2. Defendant is informed and believes, and on that basis alleges, that Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part because of Plaintiff's performance and conduct, by the doctrine of waiver.

### Third Defense:  Consent

3. Plaintiffs, by acts, omissions, and/or conduct, consented to the actions taken by Defendant with respect to each subject matter alleged in the Complaint and each purported cause of action contained therein.

### Fourth Defense:  Unclean Hands

4. Plaintiff's conduct bars it from any recovery herein by virtue of the equitable doctrine of unclean hands.

### Fifth Defense:  Failure of Condition

5. Plaintiff's claims against Defendant are barred by Plaintiff's own failure to perform the obligations required by its contract and/or satisfy some or all of the conditions precedent, concurrent or subsequent so as to excuse payment under the subject contract.

### Sixth Defense:  Tender of Performance

6. As a separate and affirmative defense to the Complaint, Defendant alleges that its tender of performance of the contract, if any, with Plaintiff fulfills all its duties and obligations to

Plaintiff, whether contractual or otherwise, and no other duty or obligation to Plaintiff remains on behalf of this answering Defendant.

**Seventh Defense: Material Breach**

7. Defendant alleges that at all times herein mentioned, there was, has been, and continues to be, a material breach of the terms and conditions of the contract on the Plaintiff's part herein, as a result of which Plaintiff has no rights under the contract, and Defendant's duties and obligations under the contract have been excused and/or discharged.

**Eighth Defense: Statute of Frauds**

8. Defendant is informed and believes and on such information and belief alleges that Defendant has fully performed and discharged any obligations on its part to be performed and, accordingly, have no obligations of any kind to Plaintiff. Defendant is informed and believes and on such information and belief alleges that any purported oral understandings between the parties are not enforceable by reason of the Statute of Frauds.

**Ninth Defense: Offset**

9. Defendant alleges that it has suffered damage by reason of Plaintiff's conduct and that they have the right of offset if any amount of money is owed or due to Plaintiff by way of damages or otherwise.

**Tenth Defense: Failure to Mitigate**

10. At all times herein mentioned, Plaintiff failed to mitigate damages, and is therefore barred from recovering for those damages, which could reasonably have been avoided in the exercise of mitigation.

**Eleventh Defense: Unjust Enrichment**

11. Plaintiff would be unjustly enriched if allowed to recover the sums, in whole or in part, alleged to be due and owing in the Complaint.

**Twelfth Defense: General Reservation**

12. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery

indicates that such additional defenses would be appropriate. Thereby, Defendant reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

## **PRAYER**

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by reason of said Complaint; that this answering party be awarded costs of suit herein, attorney fees and such other and further relief as the court deems just; and that if this answering party is found liable, that the degree of the responsibility and liability for the resulting damages can be determined and that this party be held liable only for that portion of the total damages in proportion to the liability for the same.

DATED: April 26, 2010    LAW OFFICE OF STEVEN M. OLSON

By: */S/ Steven M. Olson*
Steven M. Olson
Attorneys for Defendant
BILL SCHOLZ

---

**DEFENDANT BILL SCHOLZ'S ANSWER TO PLAINTIFF'S COMPLAINT**

8